United States District Court
Southern District of Texas
**ENTERED**
July 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MAURIUS BACIU, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-05553 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARTIN FRINK, Respondent. | § | |

## ORDER

Petitioner Maurius Baciu filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 14, 2026, through a friend. Dkt 1. The petition recognizes a final order for Petitioner's removal but contends that his current detention violates the Due Process Clause of the Fifth Amendment, as interpreted by *Zadvydas v Davis*, 533 US 678 (2001). Id at 6. Petitioner didn't sign or otherwise acknowledge the petition. It is instead signed only by Petitioner's friend. Id at 7.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

A petition for writ of *habeas corpus* may be "signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 USC §2242 (emphasis added). But a person acting on behalf of another—a *next friend*—is entitled to pursue relief only after establishing standing. *Whitmore v Arkansas*, 495 US 149, 163 (1990). This requires showing (i) an adequate explanation as to why the real party in interest can't pursue the action on his own behalf, (ii) dedication solely to the best interests of the real party in interest, and (iii) a significant relationship with the real party in interest. See *Cruz v Thompson*, 2026 WL 1269846, *1 (SD Tex), citing *Whitmore*, 495 US at 163–64. In this respect, an *adequate explanation* requires a clear showing that the real party in interest "is unable to seek relief on his own behalf or is mentally incompetent to do so." *Lovelace v Lynaugh*, 809 F2d 1136, 1137–38 (5th Cir 1987, *per curiam*), citing *Gilmore v Utah*, 429 US 1012, 1014 (1976).

Petitioner's next friend doesn't provide an adequate explanation for why Petitioner didn't file his own petition. Nothing is offered to show that he is mentally incompetent or otherwise unable to file pleadings on his own behalf. His detention alone isn't an adequate explanation because the sole purpose of any *habeas* petition is to challenge the legality of an ongoing detention. See *Poree v Collins*, 866 F3d 235, 243 (5th Cir 2017), citing *Preiser v Rodriguez*, 411 US 475, 500 (1973), and *Wilkinson v Dotson*, 544 US 74, 78 (2005).

In short, the next friend hasn't alleged facts showing that Petitioner is unable to seek *habeas corpus* relief on his own behalf. Absent such a showing, jurisdiction to consider the petition filed by the purported next friend is lacking. This petition must be stricken for lack of standing to pursue it by the next friend.

Petitioner is also denied leave to amend because the face of the current filing shows that his claim for relief is without merit. The Supreme Court has interpreted 8 USC §1231(a)(6) to limit post-removal-order detention to the period "reasonably necessary to bring about the alien's

removal from the United States." *Zadvydas*, 533 US at 689. And it held in that regard that post-removal-period detention for six months is "presumptively reasonable." Id at 701. It further held that, after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid

Documents filed in this action show that Petitioner's removal order became final on May 21, 2026, when he voluntarily dismissed his appeal. Dkt 1-2 at 36–37. Petitioner's removal order thus became final fewer than 180 days before the next-friend petition was filed and so falls within the presumptively constitutional period of *Zadvydas*. This determination forecloses any due process arguments under the Fifth Amendment at this time.

Leave to amend is denied, and the action is dismissed with prejudice on the basis presently submitted.

* * *

The petition filed by Maria A. Costache on behalf of Petitioner Maurius Baciu is STRICKEN as unauthorized. Dkt 1.

Leave to amend is DENIED.

This action is DISMISSED WITH PREJUDICE.

This is a final judgment.

SO ORDERED.

Signed on July 24, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge